J-S69037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHARITA ROLLINS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD HOPKINS AND PEGGY HOPKINS, | |
| v. | |
| MICHELLE ROLLINS, | No. 566 EDA 2015 |
| Appellees | |

Appeal from the Order Entered February 4, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130803550

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 14, 2016**

Appellant, Sharita Rollins, appeals from an order entered on February 4, 2015 that awarded counsel fees to defense counsel in the amount of $1,484.96.  We affirm.

The trial court aptly summarized the facts in this case as follows:

[Appellant was involved] in a motor vehicle collision on June 22, 2013.  [Thereafter, Appellant filed a civil complaint that] alleged that she was the driver of a motor vehicle.  Counsel [for both sides] initially agreed to depose [Appellant] in January of 2014.  [At her deposition, Appellant] testified that she was the passenger, not the driver as alleged in the complaint.  Thus[,] the complaint needed to be amended and additional parties joined.  To avoid re-deposition when other parties were joined, the attorneys agreed to further delay [Appellant's] deposition until the complaint [was] amended.  By May 9[, 2014 Appellant]

still had not completed her deposition, so defense counsel moved for an extension of the case management deadlines. On May 15[, 2014] defense counsel moved to compel [Appellant] to appear for a deposition on May 30. Since [Appellant] failed to complete her deposition, the [trial c]ourt granted extraordinary relief and extended the discovery deadline by 90 days. On June 2[, 2014] the defense again moved to compel [Appellant] to appear for deposition on June 18. The [trial c]ourt granted the motion on June 16. [Appellant] did not appear for deposition. On June 20 defense counsel moved to sanction [Appellant] for failing to follow the court's deposition order. The court granted the motion by order dated June 30 and precluded [Appellant] from introducing any evidence at trial. [Appellant's] counsel immediately filed a motion for reconsideration explaining why [Appellant] failed to obey the June 1[6] order. Despite [Appellant's] prior failure to comply with the deposition order, the [trial c]ourt permitted [Appellant's] counsel to produce [Appellant] to be deposed, but ordered [Appellant's] counsel to pay for the court reporter, defendant's copy of the deposition transcript, and all reasonable attorney fees incurred in the filing of the motions and additional discovery practice. The order stated defense counsel may file a motion listing its compensable cost and fees if counsel [could not] agree upon "reasonable" attorney fees. The order also deferred the case until [Appellant's] deposition was completed.

On October 9[, 2014 Appellant's] counsel moved to remove the case from deferred status even though [Appellant's] deposition had not been completed. On November 4 the [trial c]ourt denied the [Appellant's] motion, and for the third time ordered [Appellant] to be deposed. This time the Court ordered the deposition to occur on November 6[, 2014]. On November 6, instead of producing [Appellant] for deposition[, Appellant's] counsel filed for a praecipe to discontinue. On November 7[, 2014] defense counsel moved to discontinue the case "with prejudice." On December 4[, 2014] the [trial c]ourt issued an order discontinuing the case "without prejudice," but allowed defense counsel to file a motion to be compensated for any unnecessary expenses due to [Appellant's] conduct in this case. Defense counsel asked for counsel fees in the amount of $2,387.60. The [trial c]ourt reviewed the motion and rejected some fees such as work on the petition to discontinue with prejudice. Other fees that resulted exclusively from [Appellant's] dilatory conduct, such as work on motions to

sanction [Appellant] for failing to appear for [her] court ordered deposition, were accepted. On February 4, 2015 the [trial c]ourt ordered [Appellant's] counsel to pay $1,484.96 in counsel fees.

Trial Court Opinion, 6/10/15, at 2-4.

On appeal, Appellant raises the following question for our review:

Whether the trial court abused its discretion and otherwise committed an error of law when it improperly ordered [Appellant] to pay counsel fees to [defendants] following [Appellant's] voluntary discontinuance without prejudice under Pa.R.C.P. 229?

Appellant's Brief at 6. [1]

_____

[1] In reviewing the trial court's order of February 4, 2015 and its June 10, 2015 opinion, confusion arose as to whether the trial court sanctioned Appellant or Appellant's counsel. In its February 4 order, the trial court grants defendants' motion for counsel fees and then states "**counsel for [Appellant] shall pay counsel for Defendant[s]**, with a check payable to "Progressive Insurance" in the amount of $1,484.96…". Trial Court Order, 2/4/15 (emphasis added). This language can be interpreted in two ways; first, Appellant's counsel is being sanctioned and he or she must pay the award for counsel fees; or secondly, Appellant is being sanctioned and she must pay the award for counsel fees, however, her lawyer is directed to send the check to defense counsel. This confusion is further compounded by the trial court's opinion in which the court states that it permitted defense counsel to file a motion seeking fees "due to [Appellant's] conduct". Trial Court Opinion, 6/11/15, at 3. However, the trial court's opinion goes on to state that it "ordered [Appellant's] counsel to pay $1,484.96 in counsel fees." *Id* at 4. Although we believe that this language is unclear, we note that Appellant's only issue on appeal is that it was error for the trial court to order **Appellant** to pay counsel fees. *See* Appellant's Brief at 6 ("Whether the trial court abused its discretion and otherwise committed an error of law when it improperly ordered [Appellant] to pay counsel fees to Defendant[s]…"). Thus, Appellant waived any argument that the trial court erred in directing Appellant's counsel to pay the counsel fees and we only consider whether it was error to sanction Appellant.

Appellant's sole claim challenges an order imposing counsel fees because of her failure to appear for court-ordered depositions. Appellant argues there can be no recovery of counsel fees by an adverse party in the absence of express statutory authority, an agreement of the parties, or some other established exception. Appellant therefore maintains that the trial court lacked grounds to award counsel fees for missed or cancelled depositions because she voluntarily discontinued her case without prejudice pursuant to Pa.R.C.P. 229.[2] In such circumstances, Appellant insists that

_____

[2] Pa.R.C.P. 229 provides as follows:

**Rule 229. Discontinuance**

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

(b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.

(2) In an action governed by Rule 1042.3, a plaintiff may enter a discontinuance as to a defendant if a certificate of merit as to that defendant has not been filed.

Note: Rule 1042.3 requires the filing of a certificate of merit as to a defendant against whom a professional liability claim is asserted.

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from

*(Footnote Continued Next Page)*

the only remedy available to an adverse party is to strike the discontinuance under Pa.R.C.P. 229(c). Appellant also claims that she should not be compelled to pay counsel fees since defense counsel is a salaried employee of Progressive Insurance who does not bill for legal services or receive payment on an hourly basis. Appellant further asserts that defendants are not responsible for costs of counsel because insurance premiums that they have already paid cover those costs. These contentions are untenable.

Contrary to Appellant's argument, there are two authoritative sources that sanction the trial court's actions.[3] Under Pa.R.C.P. 4019, the trial court may, upon motion, make an appropriate order if "a party or person otherwise fails to make discovery or to obey an order of court respecting discovery." Pa.R.C.P. 4019(a)(1)(viii). In addition, a litigant is entitled to

*(Footnote Continued)* ───────────────

> unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.C.P. 229.

[3] In their brief, Appellees refer us to the unreported trial court opinion in **Grove v. Scott**, 17 Pa.D. & C. 4th 212 (CCP York 1992) as perhaps lending some support to Appellant's argument. Appellees' brief at 12, n.5. The **Grove** case, however, is inapplicable under the present facts. In **Grove**, the court held that it lacked jurisdiction and that the defendant waived its right to seek sanctions under 42 Pa.C.S.A. § 2503(7) where the sanctions request was not made within 30 days of the date that the plaintiff discontinued the action. Here, defense counsel sought sanctions before the trial court granted Appellant's request for a discontinuance. **See Shevchik v. Zeregel**, 8 Pa. D. & C.4th 66, 67 (CCP Westmoreland 1990) (claim for attorneys' fees under § 2503 is preserved when raised before the underlying action concludes).

an award of reasonable counsel fees as part of the taxable costs of a matter where the court imposes the fees "as a sanction against another [litigant] for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7).

Both the imposition of discovery sanctions under Rule 4019 and the award of counsel fees pursuant to § 2503(7) lie within the sound discretion of the trial court. *Anthony Biddle Contractors, Inc. v. Preet Allied American Street, LP*, 28 A.3d 916, 926 (Pa. Super. 2011) ("Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed."); *In re Padezanin*, 937 A.2d 475, 483-484 (Pa. Super. 2007) ("[i]n reviewing a trial court's award of attorneys' fees [under 42 Pa.C.S.A. § 2503(7)], our standard is abuse of discretion"). We evaluate the following factors when assessing the propriety of a discovery sanction: (1) the nature and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; and, (4) the ability to cure the prejudice. *See Anthony Biddle Contractors*, 28 A.3d at 926.

The trial court offered the following rationale in support of its order imposing sanctions:

> Awarding counsel fees is a fair sanction for all the time and energy wasted because [Appellant] repeatedly failed to appear for court ordered depositions. Her repeated failures to appear unnecessarily wasted defense counsel resources. [Appellant's] repeated delays and failure[s] to appear despite court orders constitute dilatory, obdurate, and vexatious conduct worthy of

- 6 -

sanction through counsel fees independent of whether or not she has discontinued her case. Where conduct has resulted in significant and unnecessary cost to an opposing party, a court has inherent authority to impose fees and costs both to reimburse the defendant for unnecessary expenses and to dissuade counsel from similar behavior. [Appellant] has a right to discontinue an action and, if the statute of limitations has not run, to re-file anew. But litigants do not have an unrestrained right to waste defense counsel time and their client's resources.

Trial Court Opinion, 6/10/15, at 4 (footnotes omitted).

We agree with the trial court's assessments and we further conclude that our four-part test supports the trial court's imposition of sanctions. The record establishes that Appellant willfully and in bad faith failed to appear for multiple court-ordered depositions and that this conduct prejudiced the defendants and led the trial court to extend the case management deadlines. We recognize that multiple delays "disrupt the efficient and just administration of justice and [] send a blatant message that case management deadlines are meaningless." *Kurian ex rel. Kurian v. Anisman*, 851 A.2d 152, 162 (Pa. Super. 2004) (internal quotations omitted). In such situations, we have said: "When [case management] deadlines are violated with impunity ... the abusing party must be prepared to pay the consequences." *Id.* In addition, we have approved orders that award attorneys' fees under 42 Pa.C.S.A. § 2503(7) where such fees are incurred to secure compliance with judicial orders. *See In re Padezanin, supra*. Accordingly, we discern no abuse of discretion.

Lastly, we are not persuaded by Appellant's claims that she should not be compelled to pay counsel fees because defense counsel is a salaried employee or because defendants are not "actually" responsible for the costs of their defense.  Despite these contentions, the record demonstrates that defense counsel expended time and resources on unnecessary actions in litigating this dispute.  Such expenditures are unwarranted and will, over time, boost insurance costs and, in turn, policy premiums.  Hence, Appellant's alternate contentions meritd no relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2016